OPINION
{¶ 1} Appellant, Kevin M. Camplese, appeals from the judgment of the Ashtabula County Court of Common Pleas sentencing him to prison terms of three years, fifteen months, and eleven months, to be served concurrently.
 {¶ 2} On August 23, 2004, the Ashtabula County Grand Jury indicted appellant on one count of illegal manufacturing of drugs, a second degree felony, in violation of R.C. 2925.04(A); one count of illegal assembly or possession of chemicals to manufacture drugs, a third degree felony, in violation of R.C.2925.041; and one count of permitting drug abuse, a fifth degree felony, in violation of R.C. 2925.13. Appellant waived his right to be present at his arraignment and entered a plea of not guilty to all charges.
 {¶ 3} On December 3, 2004, appellant withdrew his former plea of not guilty and entered a plea of guilty to one count of attempted illegal manufacture of drugs, a third degree felony, in violation of R.C. 2903.03 and R.C. 2925.04; one count of attempted assembly or possession of chemicals for the manufacture of drugs, a fourth degree felony, in violation of R.C. 2903.03
and 2925.041; and one count of permitting drug abuse, a fifth degree felony, in violation of R.C. 2925.13.
 {¶ 4} On May 4, 2005, the court sentenced appellant to prison terms of three years on the attempted illegal manufacture of drugs conviction; fifteen months on the attempted assembly or possession of chemicals for the manufacture of drugs conviction; and eleven months on the permitting drug abuse conviction. The court ordered the sentences to be served concurrently.
 {¶ 5} Appellant filed a timely appeal asserting a sole assignment of error:
 {¶ 6} "Judge Yost abused his discretion when he sentenced appellant to three years for a first prison sentence."
 {¶ 7} The issue presented for review and argument is whether a trial court abuses its discretion in imposing a sentence greater than the minimum available, when the transcript reveals that the trial court complied with the provisions of R.C.2929.14(B).
 {¶ 8} For the following reasons we agree with appellant's single assignment of error. We hereby vacate the sentence and remand this matter for resentencing.
 {¶ 9} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignment of error is with merit.
 {¶ 10} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14 (B) and (C) and R.C.2929.19(B)(2) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 11} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and (C) and R.C. 2929.19(B)(2). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 12} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 13} The sentence of the Ashtabula County Court of Common Pleas is vacated. This matter is remanded for resentencing and for proceedings consistent with this opinion pursuant toFoster.
Ford, P.J., Rice, J., concur.